UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON EDWARDS,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No.: 1:11-cv-01663 - LJO - JLT<br><br>FINDINGS AND RECOMMENDATIONS GRANTING COUNSEL'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)<br><br>(Doc. 23) |

Sengthiene Bosavanh ("Counsel"), attorney for Plaintiff Jason Edwards ("Plaintiff"), seeks an award of attorney fees pursuant to 42 U.S.C. § 406(b). (Doc. 23.) Plaintiff has not opposed the motion. Defendant filed a response, asserting the Commissioner does not assent or object to Counsel's §406(b) fee request, but offered an analysis of the request in "a role 'resembling that of a trustee' for Plaintiff. (Doc. 27 at 2) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 798, n.6 (2002)). For the following reasons, the Court recommends the motion for attorney fees be **GRANTED**.

I.    **Factual and Procedural History**

Plaintiff and Counsel entered into a contingent fee agreement on September 3, 2011, which provided Plaintiff would pay twenty-five percent of any awarded past due benefits. (Doc. 23, Exh. 1.) On September 30, 2011, Plaintiff filed a complaint for review of the administrative decision denying his application for Social Security benefits. (Doc. 1.) The Court determined the ALJ's decision was not supported by substantial evidence in the record, and the matter was remanded for further proceedings.

1

(Docs. 16, 18).  Following the entry of judgment in favor of Plaintiff (Doc. 19), the parties filed a stipulation for fees to be awarded pursuant to the Equal Access to Justice Act.  (Doc. 21.)  Subject to the terms of the parties' stipulation, the Court awarded $5,392.60 to Plaintiff.  (Doc. 22.)

Upon remand, the Commissioner granted Plaintiff's application for benefits, and determined Plaintiff was entitled to receive $44,843.12 in retroactive benefits.  (Doc. 23-3 at 1.)

## II.     Attorney Fees under § 406(b)

An attorney may seek an award of attorney fees for representation of a Social Security claimant who is awarded benefits:

> Whenever a court renders a judgment favorable to a claimant under [42 USC § 401, *et seq*] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (Section 406(b) controls fees awarded for representation of Social Security claimants).  A contingency fee agreement is unenforceable if it provides for fees exceeding twenty-five percent of past-due benefits.  *Id.* at 807.

## III.    Discussion and Analysis

District courts "have been deferential to the terms of contingency fee contracts § 406(b) cases." *Hern v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003).  However, the Court must review contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases."  *Gisbrecht*, 535 U.S. at 807.  In doing so, the Court should consider "the character of the representation and the results the representative achieved."  *Id.* at 808.  Further, the Court should consider whether the attorney performed in a substandard manner or engaged in dilatory conduct or excessive delays, and whether the fees are "excessively large in relation to the benefits received." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc).

In this case, Plaintiff willingly entered into the contingent fee agreement in which he agreed to pay twenty-five percent of any awarded retroactive benefits.  Counsel accepted the risk of loss in the representation and spent 39.1 hours on the case.  (Doc. 23 at 3.)  As a result of Counsel's work, she secured a remand of the matter for further consideration, which resulted in Plaintiff's application for

benefits being granted.  For this, Counsel requests a fee of $11,210.78 under the fee contract, because Plaintiff expects to receive $44,843.12 in retroactive benefits. (Doc. 23 at 3.) The Agency has approved an award of $6,000 for work performed at the administrative level, which was taken from the 25% of Plaintiff's past due benefits withheld by the Agency. (Doc. 23-3 at 1.) Consequently, it appears only the total of $5,210.78 is at issue, and only this amount is available by the Agency for fees. (*Id.*)

Notably, although the Court awarded $5,392.60 to Plaintiff under the Equal Access to Justice Act (Doc. 22), the amount was subject to liens for funds owed to Fresno County Departments of Child Services and Social Services. (Doc. 23-5 at 1.) Therefore, the amount paid to Plaintiff was reduced to $2,752.53. (LaBarre Decl. ¶ 4, Doc. 27-1 at 2.) Because the Commissioner paid $2,752.53 under the EAJA, the net cost to Plaintiff is $8,458.25. Although Plaintiff served with the motion and informed a response may be filed (Doc. 23 at 2), Plaintiff did not file an opposition, and thereby indicates his belief that the fee request is reasonable.

## IV.   Findings and Recommendations

The fees sought by Counsel are reasonable and not in excess of the twenty-five percent maximum permitted under 42 U.S.C. §406(b). Further, there is no indication Counsel performed in a substandard manner or engaged in dilatory conduct.

Based upon the foregoing, **IT IS HEREBY RECOMMENDED**:

1. Counsel's motion for attorney fees pursuant to 24 U.S.C. §406(b) be **GRANTED**; and
2. The Commissioner be **DIRECTED** to pay the funds available totaling $5,210.78 directly to Counsel; and
3. Counsel be **DIRECTED** to refund the amount of $2,752.53 to Plaintiff.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

1    The parties are advised failure to file objections within the specified time may waive the right
2 to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

   Dated:   **February 24, 2014**            **/s/ Jennifer L. Thurston**
                                                                                         UNITED STATES MAGISTRATE JUDGE